UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA – CHARLOTTE DIVISION

Civil Action No. 3:25-mc-53-FDW

Judge: _____    Magistrate Judge: _____

FILED
CHARLOTTE, NC
MAY 15 2025
US DISTRICT COURT
WESTERN DISTRICT OF NC

Klaus Duell,

   Petitioner,

v.

UNITED STATES OF AMERICA,

   Respondent.

## PETITION TO QUASH THIRD-PARTY SUMMONS
### Submitted by Klaus Duell, Pro Se

COMES NOW the Petitioner, Klaus Duell, and pursuant to 26 U.S.C. § 7609(b)(2), respectfully petitions this Honorable Court to quash the third-party summons issued by the Internal Revenue Service ("IRS") to Wells Fargo Bank. In support thereof, Petitioner states as follows:

## I. JURISDICTION

This Court has jurisdiction over this matter pursuant to 26 U.S.C. § 7609(h)(1), as the summons was served upon a third-party recordkeeper located in Charlotte, North Carolina, within the jurisdiction of this Court. Jurisdiction also lies under 28 U.S.C. § 1340 (internal revenue laws) and 28 U.S.C. § 2201 (declaratory relief).

1

## II. PARTIES

Petitioner, Klaus Duell, maintains the mailing address 4501 Manatee Ave W, Bradenton, Florida 34209, for correspondence purposes only. Petitioner does not reside at that address and lives as a perpetual traveler outside the United States. The United States of America is the Respondent. The third-party summoned is Wells Fargo Bank, N.A., Legal Order Processing East, PO Box 1415-MAC:D1111-016, Charlotte, NC 28201.

## III. BACKGROUND

This summons was issued under IRS Reference No. 390318, which was also used in a separate summons improperly issued to Petitioner's spouse, Birgit Duell, who had no connection to the accounts in question.

## IV. LEGAL ARGUMENTS

### 1. The Named Individual Does Not Exist

The summons is fatally flawed as it names a non-existent person, 'Klaus Eugen Richard Dull.' The Petitioner, Klaus Duell, has never used that name. While certain government records may have erroneously reflected this variation, it does not correspond to Petitioner's legal identity and renders the summons legally unenforceable.

### 2. The Summoned Information is Not Relevant to German Tax Liability

The bank account referenced has no connection to income or tax liability in Germany. The request fails to demonstrate how the documents are relevant or material under the standards of 26 U.S.C. § 7602.

### 3. Violation of the U.S.-Germany Tax Treaty

Article 26 of the U.S.-Germany Income Tax Convention permits exchange of information only when it is foreseeably relevant for carrying out the provisions of the treaty. Fishing expeditions and broad discovery are not permitted. The IRS action exceeds the scope allowed under this bilateral agreement.

### 4. The Inquiry Covers Tax Years Too Remote to Be Relevant

The summons seeks records from 2011–2016 — more than 10 years old. There is no justification to believe relevant information for current compliance or enforcement is available in such outdated materials.

### 5. The Summons Is Overbroad and Unduly Burdensome

The requests are not limited in scope or time, covering nearly every type of document, and are disproportionate to any legitimate investigative need.

### 6. The Summons Fails the Powell Standard

Under United States v. Powell, 379 U.S. 48 (1964), the IRS must show (1) a legitimate purpose, (2) the inquiry is relevant, (3) information is not already in possession, and (4) all administrative steps were followed. The IRS has failed to satisfy these elements.

### 7. The Summons Constitutes an Impermissible Fishing Expedition

There is no narrowly defined focus or specific inquiry. The IRS is speculating and requesting blanket information without sufficient cause, which courts consistently disallow.

### V. REQUEST FOR PROTECTIVE ORDER

Petitioner respectfully requests that this Court issue a protective order prohibiting the IRS and Wells Fargo Bank from disclosing or reviewing any of Petitioner's financial records until this matter is fully adjudicated. Premature disclosure may cause irreparable harm to privacy and constitutional rights.

### VI. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

a. Quash the third-party summons issued to Wells Fargo Bank;
b. Enjoin the IRS from seeking or obtaining any documents pursuant to said summons;
c. Issue a protective order as outlined above;
d. Grant such other and further relief as the Court deems just and proper.

## VII. REQUEST FOR ELECTRONIC FILING ACCESS

Petitioner respectfully requests leave to register for and use the Court's Electronic Case Filing (ECF) system. Given Petitioner's status as a pro se party and a perpetual traveler residing outside the United States, electronic access is essential for ensuring compliance with court rules, facilitating timely filings, and maintaining effective communication. Courts may grant such access for good cause shown.

Dated: May 13, 2025

Respectfully submitted,

Klaus Duell

4501 Manatee Ave W
Bradenton, FL 34209

# CERTIFICATE OF SERVICE

I, Klaus Duell, hereby certify that on this 13th day of May 2025, I caused a true and correct copy of the attached Petition to Quash Summons to be served by certified mail, postage prepaid, upon the following parties as required by 26 U.S.C. § 7609(b)(2)(B):

1. Jeremy A. Maule
Tax Law Specialist
Internal Revenue Service
210 Walnut St MS 4479
Des Moines, IA 50309

2. Wells Fargo Bank – Legal Order Processing East
PO Box 1415-MAC:D1111-016
Charlotte, NC 28201

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 13, 2025

Klaus Duell

4501 Manatee Ave W
Bradenton, FL 34209